46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Edward THOMPSON, Defendant-Appellant.
 No. 94-5205.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 22, 1994.
Decided Jan. 9, 1995.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-93-183-5-1)
 Grafton Ernest Skaggs, Skaggs & Skaggs, Fayetteville, WV, for appellant. Rebecca A. Betts, U.S. Atty., Michael L. Keller, Asst. U.S. Atty., Charleston, WV, for appellee.
 S.D.W.Va.
 REMANDED.
 Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Maurice Edward Thompson appeals from his conviction and sentence for possession with intent to distribute crack cocaine. Counsel filed a brief contesting the sentence, and Thompson moved to file and filed a supplemental brief from the underlying conviction. We remand the matter to the district court.
 
 
 2
 We find that we have no jurisdiction to hear this appeal. Thompson, through counsel, noted an appeal outside the ten-day period provided. Fed. R.App. P. 4(b). Counsel moved for an extension of time to file the notice in the district court.[1] Fed. R.App. P. 4(b). The district court found the motion moot, reasoning that Fed.R.Crim.P. 45(a), which excludes intervening Saturdays and Sundays from time computation for purpose of the criminal rules, made the filing timely.[2] However, the computation of time under the appellate rules is governed by Fed. R.App. P. 26(a). Rule 26(a) excludes intervening weekends only for actions that must be taken within seven days. Thus, the notice was untimely filed, and the district court erred in finding the motion moot.
 
 
 3
 Only if the record clearly reveals that the district court would have granted the motion to extend may we assume jurisdiction and address the substantive merits of the appeal. See United States v. Reyes, 759 F.2d 351, 354 (4th Cir.), cert. denied, 474 U.S. 57 (1985). The record here reveals only that counsel asserted before the district court that Thompson notified him after the ten-day notice of appeal period that he desired to take an appeal. The district court did not address the merits of the motion in any way, and we are wholly unable to find any clear indication that the district court would have granted the motion had it considered it on its merits. Thus, we are without jurisdiction, and we may not assume such jurisdiction from the record.
 
 
 4
 Thompson's motion to file a supplemental brief is denied as moot given our lack of jurisdiction, and we remand the matter to the district court for a finding regarding excusable neglect with respect to the motion to file a notice of appeal out of time. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REMANDED
 
 
 [1]
 This Court may not grant such extensions. Fed. R.App. P. 26(b)
 
 
 [2]
 The notice of appeal was filed fourteen calendar days after the judgment was entered. Had the intervening weekend days been excluded, the notice would have been filed within ten days